UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK HOELTZEL,<br><br>        Petitioner,<br><br>        v.<br>FRED BOWERS, WARDEN,<br><br>        Respondent. | Civil Action No. 25-11749-MJJ |

## ORDER

**JOUN, D.J.**

On June 16, 2025, Mark Hoeltzel ("Mr. Hoeltzel" or "Petitioner"), an inmate in custody at FMC Devens who is representing himself, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 alleging that he is entitled to immediate transfer to prerelease custody based upon time credits he earned under the First Step Act. [Doc. No. 1]. The Petition names as Respondents the Federal Bureau of Prisons and Warden Fred Bowers. [*Id.*].

Under 28 U.S.C. § 2242, the proper respondent in a 28 U.S.C. § 2241 petition is the "person who has custody over [the petitioner]." Pursuant to this "immediate custodian rule," "whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). Thus, the proper respondent in this action is Warden Bowers.

Mr. Hoeltzel did not pay the filing fee nor file a Motion for Leave to Proceed *in forma pauperis*. A party filing a habeas action in this Court must either (1) pay the $5.00 filing fee for habeas corpus actions; or (2) seek leave to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceedings *in forma pauperis*). The motion for

leave to proceed without prepayment of the filing fee must be accompanied by "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a)(2) of the Rules Governing Section 2254 Cases.[1]  Here, Mr. Hoeltzel did not pay the filing fee and has not sought leave to proceed *in forma pauperis*.

      Accordingly, the Court hereby orders:

      1)      Fred Bowers, the Warden of FMC Devens, shall be the sole respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004) (immediate custodian of petitioner is proper respondent in habeas action).  The Bureau of Prisons is DISMISSED from this action without prejudice.

      2)      Within 21 days of this Order, Petitioner shall either (1) pay the $5.00 filing fee; or (2) file a motion to proceed *in forma pauperis*, that is, file an application to proceed in district court without prepaying fees or costs accompanied by a certified prison account statement. Failure of the Petitioner to comply with this directive may result in dismissal of this action.

      3)      The Clerk of this Court shall serve a copy of the Petition on the Respondent and the United States Attorney for the District of Massachusetts.

      4)      The Respondent shall file an answer or other responsive pleading within 21 days of either (1) the Petitioner's payment of the $5 filing fee; or (2) this Court's granting of a motion

---

[1] The rules governing petitions brought pursuant to 28 U.S.C. § 2254 cases may be applied at the discretion of the district court to other habeas petitions.  *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

to proceed *in forma pauperis*.

**SO ORDERED.**

                                                  /s/ Myong J. Joun
                                                  Myong J. Joun
                                                  United States District Judge

Dated: June 18, 2025